# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-996-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br>AND<br>DENYING PRELIMINARY INJUNCTION<br><br>(ECF Nos. 1 and 8) |

　　　Plaintiff Alex Fernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 4, 2010 (Compl., ECF No. 1), and consented to Magistrate Judge jurisdiction on June 15, 2010 (Consent, ECF No. 5).  Plaintiff filed a Motion for a Preliminary Injunction on September 13, 2010. (Mot., ECF No. 8.)  Both the Motion for a Preliminary Injunction and the Complaint are before the Court at this time.

I.　**SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief

-1-

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**A.     Plaintiff's Claims**

At the time Plaintiff filed his Complaint, he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("CSATF"). Plaintiff claims violations of his Eighth and Fourteenth Amendment rights against the following Defendants: (1) California Department of Corrections, (2) Medical Department at

CSATF State Prison, (3) Physicians Assistant Peters, (4) Registered Nurse Paat, and (5) Chief Medical Officer A. Enenmoh.  Plaintiff seeks both monetary and injunctive relief.

Plaintiff alleges the following:

Plaintiff arrived at CSATF on September 30, 2009, with keloids on both of his ears. He was seen by Defendant Paat and then referred to Defendant Peters, who in turn referred him to Defendant Enenmoh.  Defendant Enenmoh sent Plaintiff to see a surgeon regarding the keloid formations on his ears, chest, and back.  The surgeon recommended that the keloids be removed, but the California Department of Corrections and the Medical Department at CSATF State Prison have not permitted the procedures.  Plaintiff's keloids have grown in size and caused him to go deaf.  He also has pain in his brain.  Plaintiff believes that he will suffer from brain damage if the removal surgery is not preformed soon.

Plaintiff requests an immediate preliminary injunction ordering removal of his keloids, punitive damages of at least $10 million dollars, and monetary damages of at least $15 million dollars.

**B.     Analysis**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### 1. Claims Against the Department of Corrections and the Medical Department at CSATF

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because Defendants the California Department of Corrections and the Medical Department at CSATF are state agencies, they are entitled to Eleventh Amendment immunity from suit. Plaintiff cannot proceed against or recover from them. If Plaintiff chooses to file a second amended complaint, he should omit the Department of Corrections and the Medical Department at CSATF State Prison as defendants.

### 2. Eighth Amendment Claim

Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment rights by denying him access to proper medical care. Plaintiff alleges that Defendants ignored the medical advice of an unnamed surgeon and failed to remove keloids that are causing hearing and brain damage. Plaintiff alleges that Defendants showed deliberate indifference to his medical needs by not allowing the surgery to go forward.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has not sufficiently pled significant injury from the failure to treat his keloids. He alleges that an unnamed surgeon recommended removal of the keloids, but does not claim the surgeon, or anyone else, recommended prompt removal. He also fails to provides a reasonable basis for surmising that significant injury might result if they are not removed promptly. Plaintiff does assert that he has suffered hearing loss and brain injury from the keloids, but provides no reasonable basis for accepting this bare, presumedly untrained, claim that such alleged symptoms are caused by keloid formation or, more to the issue here, that the symptoms resulted from the delay in surgical removal of the keloids.

Plaintiff also has not shown a deliberate indifference to Plaintiff's medical needs. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that

a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to allege facts which would indicate that Defendants consciously disregarded an excessive risk to Plaintiff and thereby exposed themselves to liability under the Eighth Amendment. Even if there were a basis upon which to conclude that Plaintiff's health was and/or is at risk from delay in removal of the keloids, there is no evidence that Defendants were aware of, or should have been aware of, such risk and disregarded it. The allegation of delay, alone, is not enough. Plaintiff must demonstrate that Defendants' delay of the surgery was not merely negligent, but resulted from a deliberate or callous disregard for the fact that delay would expose Plaintiff to an excessive risk of harm. Plaintiff has not alleged this. Plaintiff's current allegations do not even show negligence on the part of Defendants; certainly they do not show conscious or callous disregard. Plaintiff will be given leave to amend his Eighth Amendment claim to assert facts which, if true, might meet these standards and allege inadequate medical care against Defendants Byers, Paat, and Enenmoh.

        3.      Fourteenth Amendment Claim

Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights by denying him medical treatment.

A prisoner's right to adequate medical care is protected by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) ("[D]eliberate indifference to serious

medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment"). Plaintiff has failed to allege any facts showing that his due process rights were violated; his allegations relate solely to the medical care he was and was not afforded. Whether his Eighth Amendment rights were violated by the care he received is discussed above. The Court finds that Plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process rights. He will not be given leave to amend this claim.

## II.   MOTION FOR A PRELIMINARY INJUNCTION

### A.   Legal Standards

On September 13, 2010, Plaintiff filed a Motion for an Order to Show Cause for a Preliminary Injunction. (Mot., ECF No. 8.) In connection with his Motion, Plaintiff has submitted a proposed order but no supporting notice, memorandum of law, or any affidavits. (*Id.*)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

### B.   Analysis

Plaintiff has not met any of these criteria. He has done nothing more than make the

deficient allegations discussed above and file a proposed order which contains no basis for granting an injunction. (Mot., ECF No. 8.)

Moreover the Court may not address the merits of Plaintiff's Motion at this time because the operative pleading, Plaintiff's Complaint, is being dismissed at this time for failure to state a claim upon which relief may be granted. Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 47 (1982). If a court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). Since the operative pleading is dismissed, the Court lacks jurisdiction to impose a preliminary injunction. Plaintiff's Motion is denied.

## III.   CONCLUSION AND ORDER

The Court finds that, as pled, Plaintiff's Complaint fails to state a claim upon which relief could be granted. The Court will provide Plaintiff an opportunity to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should read this Screening Order carefully before preparing his amended complaint.

In his amended complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff

must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims. Plaintiff should focus his amended complaint on the denial of medical treatment for his keloids and those individuals who were directly involved with the denial of such care.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** of entry of this Order;

2. Plaintiff shall caption the document "Amended Complaint" and refer to the case number 1:10-cv-996-MJS (PC);

3. Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction is DENIED; and

3. If Plaintiff fails to comply with this Order, this action will be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  July 28, 2011                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

-10-